GLD-296                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1751
_____

GEORGE ESPINOZA,
                                        Appellant

v.

WARDEN LINDSAY;
UNIT MANAGER GATES;
CASE MANAGER PASSMORE
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 11-cv-00089)
District Judge:  Honorable Kim R. Gibson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 27, 2012

Before:  FUENTES, GREENAWAY, JR., and BARRY, Circuit Judges

(Opinion filed: October 4, 2012)
_____

OPINION
_____

PER CURIAM

        George Espinoza, proceeding pro se, appeals from an order of the United States

District Court for the Western District of Pennsylvania dismissing his civil rights action.

Because this appeal does not present a substantial question, we will summarily affirm the District Court's order. See Third Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

Espinoza is a federal inmate at the Moshannon Valley Correctional Center ("Moshannon Valley"), a private correctional facility in Philipsburg, Pennsylvania. While incarcerated at Moshannon Valley, Espinoza sought to enroll in substance abuse treatment programs, such as the Residential Drug Abuse Program ("RDAP") and the Non-residential Drug Abuse Program ("NRDAP"). Prison officials informed him that he was not eligible for those programs because he had been assigned a "Public Safety Factor" of "alien" due to an immigration detainer lodged against him.

In April 2011, Espinoza filed a complaint in the United States District Court for the Western District of Pennsylvania against several Moshannon Valley employees (the "Moshannon Valley Defendants"), claiming that they had violated his rights under the Fourteenth Amendment by denying him the opportunity to participate in drug and alcohol programs on the ground that he is an alien. The Moshannon Valley Defendants moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). A Magistrate Judge agreed with the defendants that Espinoza had failed to state a claim under the Fourteenth Amendment, and recommended that the complaint be dismissed.[1]

---

[1] Because the Moshannon Valley Defendants are not state actors, the Magistrate Judge presumed that Espinoza intended to assert liability under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), instead of 42 U.S.C. § 1983. The Magistrate Judge also recognized, however, that it is not entirely clear whether the defendants could be subject to liability under Bivens either, as the Supreme Court has recently held that employees of private prisons operating under contract with the Bureau of Prisons—at least in the context of an Eighth Amendment claim—are not. See Minneci v. Pollard, -- U.S. --, 132 S. Ct. 617, 626 (2012) (refusing to imply the

The District Court adopted the Magistrate Judge's Report and Recommendation over Espinoza's objections, granted the defendants' motion, and dismissed the complaint. This appeal followed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's dismissal order. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Dismissal is proper if a party fails to allege sufficient factual matter, which if accepted as true, could "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We may summarily affirm if the appeal presents no substantial question. See 3d Cir. LAR 27.4; I.O.P. 10.6.

The District Court properly granted the Moshannon Valley Defendants' motion to dismiss. First, as the Magistrate Judge explained, Espinoza's allegations do not establish a plausible due process claim. "[A]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Hewitt v. Helms, 459 U.S. 460, 468 (1983) (internal citation and quotation marks omitted); see also Sandin v.

existence of a Bivens remedy where "a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law"). The Magistrate Judge ultimately declined to resolve this issue in light of her determination that Espinoza's allegations did not state a claim under the Fourteenth Amendment. We will do the same.

Conner, 515 U.S. 472 (1995), (stating that a protected liberty interest is "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"). Being classified as an alien, and thus disqualified from certain programs, is not outside what a prisoner "may reasonably expect to encounter as a result of his or her conviction in accordance with due process of law." Fraise v. Terhune, 283 F.3d 506, 522 (3d Cir. 2002) (internal quotation marks and citations omitted); see Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (explaining that prisoners have no legitimate due process concerns in their prison classifications). The Magistrate Judge also correctly concluded that Espinoza failed to state an equal protection claim, as he did not allege facts that give rise to a plausible inference that the denial of substance abuse treatment was the result of purposeful discrimination.[2] See Iqbal, 556 U.S. at 680-82.

For the foregoing reasons, we conclude that no substantial question is presented by this appeal. See I.O.P. 10.6. Accordingly, we will summarily affirm the District Court's judgment. Espinoza's motion for appointment of counsel is denied.

---

[2] Espinoza also claimed that the defendants' conduct violated 18 U.S.C. § 3621(e), which provides substance abuse treatment programs for eligible prisoners. We note, however, that inmates with detainers lodged against them are ineligible for such treatment if, as in Espinoza's case, they would be unable to complete the community-based treatment phase of the program. See McLean v. Crabtree, 173 F.3d 1176, 1184 (9th Cir. 1999). Insofar as Espinoza claimed that the defendants' conduct violated 28 C.F.R. § 551.90—which prohibits discrimination against inmates on the basis of race, religion, national origin, sex, disability, or political belief—and the corresponding BOP Policy Program Statement, we conclude that Espinoza has failed to allege sufficient facts to state a claim.

4